IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHELIA S. KELLY                                                                                    PLAINTIFF

V.                              CIVIL ACTION NO. 2:16-cv-2027-MEF

NANCY A. BERRYHILL, Acting
Commissioner Social Security Administration[1]                                    DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). Counsel for the Plaintiff appeared in person and requested that argument be waived. The Defendant agreed, and the Court commenced with entry of its ruling in open court. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, finds as follows, to-wit:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The ALJ dismissed the spirometry test results dated July 2013 for the following reasons: (1) there appears to be a discrepancy between the claimant's height as calculated for the spirometry and the height measured at Dr. Meade's office; (2) it is unclear from the test results if the height

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

measurement used was with or without shoes; (3) the test appears to include the results of only one expiratory maneuver, as opposed to the three required under the listing; (4) the test does not include the dose and name of the bronchodilator administered; (5) the results do not indicate the manufacturer and model number of the device used to measure and record the spirogram; (6) the test does not include a statement that the device was accurately calibrated; and, (7) the test contains no information concerning the claimant's understanding and level of effort and/or cooperation during the test. Unfortunately, the ALJ made no attempt to re-contact Dr. Meade and/or the Fort Smith Lung Center in an attempt to clarify or remedy any of these deficiencies. Further, in the alternative, the ALJ failed to order repeat spirometry testing to determine Plaintiff's true level of lung functioning. Because the test results do seem to indicate that Plaintiff's level of lung functioning fell within the severity level anticipated by the listings, the undersigned finds that remand is necessary to allow the ALJ to re-contact Dr. Meade and his facility in an attempt to obtain his opinion as to the Plaintiff's RFC and how far back the Plaintiff's limitations were likely to have reached.

On remand, the ALJ is directed to re-contact Dr. Meade and his facility in an attempt to (1) clarify the discrepancy regarding Plaintiff's height and to determine whether the measurement was taken with or without shoes; (2) to determine whether the test included one or multiple expiratory maneuvers and to obtain the results of any additional maneuvers; (3) to obtain the name and dosage of the bronchodilator administered; (4) to obtain the manufacturer and model number of the device used to measure and record the spirogram; (5) to obtain a statement that the device was calibrated accurately; and, (6) to obtain a statement concerning Plaintiff's understanding and level of effort and/or cooperation during the test.

2

If the ALJ is unable to obtain clarification from Dr. Meade and/or the Fort Smith Lung Center, the ALJ is directed to order a consultative pulmonary exam, complete with additional spirometry testing. The ALJ should forward all of the records concerning the Plaintiff's COPD, including the results of the spirometry test at issue, to the consultative examiner for an opinion as to the Plaintiff's RFC and how far back the Plaintiff's limitations were likely to have reached.

IT IS SO ORDERED AND ADJUDGED on this the 13th day of February, 2017.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE